Second United Cities Realty Corporation, Respondent, v. Price & Schumacher Co., Inc., Appellant.— Judgment affirmed, with costs. No opinion. Rich, Jaycox, Manning and Kelby, JJ., concur; Kelly, P. J., dissents.

Frank D. Smaw, Appellant, v. Paul Westphal, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

R. Nelson Spates, Respondent, v. Harry H. Moses, Also Known as Hyman Moses, Doing Business under the Firm Name, etc., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

Susquehanna Steamship Company, Inc., Plaintiff, v. A. O. Anderson & Co., Inc., Defendant. Charles L. Apfel and Another, Appellants; Alvin C. Cass, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

Mollie Taleisnik, as Administratrix, etc., of William Taleisnik, Deceased, Appellant, v. Irving Hecht and Another, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

Howard T. Walden and Another, as Surviving Members, etc., Respondents, v. Maurice Rapoport and Others, Doing Business under the Firm Name, etc., Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

Lydia M. Webster, Individually and as Executrix, etc., of Mary A. Webster, Deceased, Respondent, v. Charles J. Webster and Others, Defendants, Impleaded with Henrietta Sarah Webster and Another, Appellants.— Interlocutory judgment modified by striking out the provision that the share of the appellant Libbie Traktman is subject to the payment of "unpaid rent amounting to $3,040.06;" and by a further modification which shall provide an award to the appellants of one bill of costs of the trial, to be taxed; and as so modified the interlocutory judgment is affirmed, without costs in this court. The rents that were owing by Frederick Webster in his lifetime were a debt due solely to the life tenant, his mother. She, or her attorney in fact, could have brought action thereon at any time within six years after September 1, 1902. Their failure to do so bars a recovery upon that claim, and its allowance as a charge against the interests or share that would have come to Frederick Webster, deceased, was erroneous. It could not have been in the nature of an advancement in any event, because the amount advanced under the authority of the will has been duly charged in this action against that share. The learned trial court in the findings awarded costs to the appellants, but the same were not included in the judgment. We, therefore, think the judgment should be modified accordingly, and findings of fact and conclusions of law inconsistent herewith are hereby reversed, and new findings and conclusions accordingly are made. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur. Settle order on notice.